IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS A. PADILLA,

       Plaintiff,               No. 2:08-cv-1357 MCE JFM (PC)

    vs.

J. WALKER, et al.,

       Defendants.      <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4  U.S.C. § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10 U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17 Cir. 1989); Franklin, 745 F.2d at 1227.

18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21 Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

22 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

23 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

24 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

25 id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

26 defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

2

1   v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

2   quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

3   standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

4   and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

5   U.S. 232, 236 (1974).

6            The Civil Rights Act under which this action was filed provides as follows:

7            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
8            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
9            law, suit in equity, or other proper proceeding for redress.

10   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

13   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

15   omits to perform an act which he is legally required to do that causes the deprivation of which

16   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17            Moreover, supervisory personnel are generally not liable under § 1983 for the

18   actions of their employees under a theory of respondeat superior and, therefore, when a named

19   defendant holds a supervisorial position, the causal link between him and the claimed

20   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

21   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

22   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

23   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

24   Cir. 1982).

25            Plaintiff has named Warden J. Walker as a defendant herein.  However, he has

26   included no charging allegations as to Warden Walker and there is no indication that Warden

3

1   Walker was involved or even aware of the events that took place on December 17, 2007.  The

2   complaint fails to state a claim against Warden Walker and he should be dismissed from this

3   action.  If plaintiff amends his complaint, he should not include Warden Walker as a defendant

4   unless he can plead facts demonstrating an actual connection between actions taken by Warden

5   Walker and the constitutional violation plaintiff alleges.

6            Moreover, in order to state a § 1983 claim for violation of the Eighth Amendment

7   based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to

8   evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106

9   (1976).  Such a claim has two elements; "the seriousness of the prisoner's medical need and the

10  nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th

11  Cir. 1991).

12           "The government has an obligation under the Eighth Amendment to provide

13  medical care for those whom it punishes by incarceration." Lopez v. Smith, 203 F.3d 1122, 1131

14  (9th Cir. 2000).  "But not every breach of that duty is of constitutional proportions.  In order to

15  violate the Eighth Amendment proscription against cruel and unusual punishment, there must be

16  a 'deliberate indifference to serious medical needs of prisoners.'" Lopez, 203 F.3d at 1131

17  (quoting Estelle, 429 U.S. at 104.)

18           A medical need is "serious" "if the failure to treat the prisoner's condition could

19  result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin,

20  at 1059 (quoting Estelle, 429 U.S. at 104).  Examples of indications of a serious medical need

21  include "[t]he existence of an injury that a reasonable doctor or patient would find important and

22  worthy of comment or treatment; the presence of a medical condition that significantly affects an

23  individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974

24  F.2d at 1059-60.

25           Plaintiff must also allege facts that defendant responded to the serious medical

26  need with deliberate indifference.  Deliberate indifference may be shown "when prison officials

4

1    deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in

2    which prison physicians provide medical care." Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir.

3    1988).  Mere negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152 F.3d

4    1124, 1128 (9th Cir. 1998).  Where the claim is based on a delay in treatment, "a prisoner can

5    make 'no claim for deliberate medical indifference unless the denial was harmful.'" McGuckin at

6    1060 (quoting Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

7    1985)(per curiam)).  The harm caused by the delay need not, however, be "substantial."

8    McGuckin at 1060 (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990); also

9    citing Hudson v. McMillian, 503 U.S. 1, 5-10).

10              The court finds the allegations in plaintiff's complaint so vague and conclusory

11    that it is unable to determine whether the current action is frivolous or fails to state a claim for

12    relief.  The court has determined that the complaint does not contain a short and plain statement

13    as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

14    policy, a complaint must give fair notice and state the elements of the claim plainly and

15    succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

16    must allege with at least some degree of particularity overt acts which defendants engaged in that

17    support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

18    R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

19    an amended complaint.

20              If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

21    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

22    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

23    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

24    there is some affirmative link or connection between a defendant's actions and the claimed

25    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

26    1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

1  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

2  <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5  amended complaint be complete in itself without reference to any prior pleading.  This is

6  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.</u>

7  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9  original complaint, each claim and the involvement of each defendant must be sufficiently

10 alleged.

11        In accordance with the above, IT IS HEREBY ORDERED that:

12        1.  Plaintiff's request for leave to proceed in forma pauperis (#21, 19) is granted.

13        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

15 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

16 Sacramento County Sheriff filed concurrently herewith.

17        3.  Plaintiff's complaint is dismissed.

18        4.  Within thirty days from the date of this order, plaintiff shall complete the

19 attached Notice of Amendment and submit the following documents to the court:

20             a.  The completed Notice of Amendment; and

21             b.  An original and one copy of the Amended Complaint.

22 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

23 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

24 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

25 /////

26

file an amended complaint in accordance with this order will result in a recommendation that this

action be dismissed.

DATED: February 12, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; padi1357.14

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    LUIS A. PADILLA,

11              Plaintiff,                        No. 2:08-cv-1357 MCE JFM (PC)

12        vs.

13    J. WALKER, et al.,                    _____ NOTICE OF AMENDMENT

14              Defendants.

15    _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18              _____      Amended Complaint

19    DATED:

20

21                                               _____

22                                               Plaintiff

23

24

25

26